PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Fort Worth**

HOLLI WRICE 35364-044
_____
Plaintiff's Name and ID Number

FEDERAL MEDICAL CENTER, CARSWELL
_____
Place of Confinement

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 1 202'

CLERK, U.S. DISTRICT COURT
by _____

CASE NO. 4:21-cv-0440-P
(Clerk will assign the number)

v.   Warden Michael Carr, LT. Anthony, LT. Butler, Ms. Lux and Captain Buckner
FMC Carswell - P O Box 27137 Fort Worth, Texas 76127
_____
Defendant's Name and Address

Unit Manager K. McNeary, Unit Manager Cole-Rowles, Counselor Allen, Counselor Davidson
FMC Carswell - P O Box 27137 Fort Worth, Texas 76127
_____
Defendant's Name and Address

Dr. Langham and Dr. Jowdy
FMC Carswell - P O Box 27137 Fort Worth, Texas 76127
_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: I believe it was in 2016 (uncertain )

        2.  Parties to previous lawsuit:

            Plaintiff(s) Holli Wrice

            Defendant(s) FCI Waseca

        3.  Court: (If federal, name the district; if state, name the county.) US District Court 5th Circuit

        4.  Cause number: 4:16-cv-965-0

        5.  Name of judge to whom case was assigned: Judge Reed O'Connol

        6.  Disposition: (Was the case dismissed, appealed, still pending?) Dismissed

        7.  Approximate date of disposition: January 2018

II.    PLACE OF PRESENT CONFINEMENT:  FEDERAL MEDICAL CENTER, CARSWELL

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?        x YES    ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff:  Holli Wrice 35364-044

FEDERAL MEDICAL CENTER, CARSWELL - PO BOX 27137 FORTH WORTH, TEXAS  76127

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Michael Carr-Warden, Ms. Lux- Executive Staff

FEDERAL MEDICAL CENTER, CARSWELL  PO BOX 27137 FORT WORTH, TEXAS 76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

They subjected me to  Gross Negligence, Deliberate Indifference and Cruel and

Unusual Punishment, which lead me to contracting COVID-19.

Defendant #2: Dr. James Jowdy and Dr. Langham

FEDERAL MEDICAL CENTER, CARSWELL  PO BOX 27137 FORT WORTH, TEXAS 76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

They subjected me to Gross Negligence, Deliberate Indifference and Cruel and

Unusual Punishment which lead me to contracting COVID-19.

Defendant #3: Captain Buckner

FEDERAL MEDICAL CENTER, CARSWELL  PO BOX  27137 FORT WORTH, TEXAS 76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

She subjected me to Gross Negligence, Deliberate Indifference and Cruel and

Unusual Punishment, which lead me to contracting COVID-19.

Defendant #4: K. McNeary- Unit Manager, Ms. Cole-Rowles - Unit Manager, Counselor

Allen and Counselor Davidson-FEDERAL MEDICAL CENTER, CARSWELL PO BOX 27137

FORT WORTH, TEXAS 76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

They subjected me to Gross Negligence, Deliberate Indifference, and Cruel and

Unusual Punishment, which lead me to contracting COVID-19.

Defendant #5: LT. Anthony and LT.Butler  FEDERAL MEDICAL CENTER, CARSWELL

PO BOX 27137 FORT WORTH, TEXAS  76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Excessive Force by threatening to use pepper spray and rubber bullets on the

whole unit for asking legitimate questions concerning the pandemic.

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

By virtue of their inability to implement a plan, Warden Carr, and his administration has failed me in not having a coherent plan, concerning COVID-19. From March 2020 to current March 2021. I have been subjected to gross negligence, cross contamination staff failing to meet needs for social distancing. Warden Carr and staff (K. Mcneary, counselor Allen, Counselor Davidson and Captain Buckner) knowingly placed my health in peril knowing I have underlying medical issues. Their failure to enforce mask wearing, early testing, sanitation and social distancing hace allowed me to contract COVID-19. They have also been deliberatly indifferent jeopardizing my health in the following ways:    PLEASE SEE ATTATCHED

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

I would like a full review of my case and eligibility. I would like immediate release. I am requesting $500,00,00 for lingering and punitve damages.

VII.    GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

N/A

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

N/A

VIII.    SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?    _____ YES  _X_ NO

B.  If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division):__N/A_____

2.  Case number:__N/A_____

3.  Approximate date sanctions were imposed:_____N/A_____

4.  Have the sanctions been lifted or otherwise satisfied?    _____YES _____NO

4

STATEMENT OF CLAIM

V.

1. Refused to do early adequate testing and wear proper PPE Equipment.
   March 2020 - June 2020

2. Warden Carr refused to release me knowing I have underlying medical
   issues (chronic asthma being one) then they heightened the criteria
   and standards upon me doing my administrative remedy for release to
   hinder my eligibility when I'm a minimum on my Risk Assesment.
   March 2020 - September 2020

3. Warden Carr, K. Mcneary, Counselor Allen, Counselor Davidson, and other
   staff failed to follow safety protocol recommended by the CDC. Showing
   callous indifference (releasing medically vulnerable inmates such as myself).
   In not doing so, rooms were overcrowded, impossible to social distance.
   Crammed four to a room ideal for two. They did nothing but help accelerate
   the already awful conditions and its spread. By staff constantly moving
   us about the housing units mixing positive inmates with negative inmates. I
   contracted COVID. January 2021

4. They delayed housing positive inmates, keeping them around me when I was still
   negative. September 2020 - March 2021

5. They negligently allowed me to contract the monstorous COVID virus knowing
   I had underlying medical issues, so the institution could go back to normal.
   January 2021

6. Counselor Allen, Counselor Davidson, Unit manager K. McNeary did nothing to
   stop the cross contamination that would prevent me fromcontracting COVID.
   They failed to house me in such a way that would allow me to social distance
   and avoid contact with others, who had already contracted the virus.

7. Warden Carr/Staff have made it more difficult for me to stay healthy in
   general and avoid reinfection. We have limited to no exercise because of
   lockdown restraints. Medical staff can't meet my medical needs. My Nebulizer
   machine was taken back in June 2020. As of date March 2021 I'm still without
   my medically prescribed Nebulizer machine. Forcing me to use my rescue inhaler,
   much more just to address my coughing and weezing from asthma.
   June 2020 - March 2021

8. Unit team and staff have been leaving doors to infected units open, resulting
   in inmates from non-infected units visiting their sick friends risking
   infection to others

9. Healthy eating is not possible, as meals have been sack lunches for a year now. Full of starches and sugar. Commisary has been scant, My blood pressure has been high despite treatment. Dr. Langham, Dr. Jowdy and medical is aware but refuse to act.

10. I was told on January 27, 2021, that I would be housed in 1 south unit until I contracted COVID or changed my mind about getting the vaccine. On January 28th I tested positive with COVID. I was thrown in a (snake pit) all positive unit. I had no choice but to contract it.

11. Refused to grant me Compassionate Release or Home confinement pertainig to the CARES ACT.

Also I have been subjected to cruel and unusual treatment all violating my 8th Amendment for cruel and unusual punishment. It goes as follows:

1. Between June 2020-Aug 2020, I was given spoiled lunch meat, spoiled milk and rotten fruit.

2. Since I've contracted COVID, I have moved about the housing units 3-4 times. Feeling weak, fatigue, dizzy having bouts of chest discomfort with fever, but was still made to move with all my property.

3. February 2021 Carswell was severly impacted by a winter storm. Pipes burst, water was every where . Commodes stopped working, the water was shut off for over 7 hours. we had no drinking water. No way to wash our hands after restroom use (spreading contamination even further) I was still recovering from COVID. Because there was no water to flush the toilets, inmates defecated in bags because toilets were full and couldn't flush. Cross contamination ran rapid in my housing unit. We had no heat when temperatures dropped to one degree. FMC Carswell was still without a plan . I was still actively infected with COVID, living with residual symptoms of COVID during that time. To make it worse mold and mildew growing in the restrooms.

4. Carswelll has a mice infestation in the Food Service Department. I have been given in my sack lunch that wreaks of rodent urine. Jan 2021 - March 2021

5. During the winter storm Feb. 14th, 2021, The Captain entered the unit and was made aware that the toilets wouldn't flush in the unit. We had no heat or no clean drinking water. The Captain left just as quickly as she come in the unit, not addressing the issue, or our concerns of no drinking water, no heat, or no way to flush the toilets.

6. Delayed treatment of positive inmates, and isolating them from negative inmates so they wont get exposed to the COVID virus.

7. Early on (April 2020 - June 2020) proper PPE was not given to staff and inmates to prevent the spread of the COVID-19 Virus.

8. FMC Carswell hurt me by putting me in harms way by mixing all the housing units with positve and negative inmates together, and wanting me to contract the COVID virus, In hopes the institution can go back to normal. Because of there incapability of not having a proper plan this lead to mitigating the spread of the virus rampantly.

9. Tampering with my legal mail. Opening my legal mail, before issuing it to myself when the envelope clearly states "LEGAL MAIL" open only in the presence of the inmate. They have taken my mail from the original envelope from my attorney and gave me copy of my mail and placing it in a BOP envelope intended for staff use. Also, would sabatoge Remedy process. When I would turn in my remedy request they would not respond back. The administartive process was futile. BOP would sabatoge the process.

10 I was issued moldy/meager sack lunches and snack dinners.

11. Aug. 16, 2020. I spoke to uit strike team. Ms. Cole Rowles and Lt. Richardson about enforcing inmates to wear their mask, their response was Don't worry about it. It's not my job". However, there are singns posted inside the unit that Ms. Cole- Rowles and staff posted stating "MANDATORY MASK WEARING". Both of them told me , "they will address the issue." On the flip after most of the inmates have contracted COVID and received their vaccines for Covid they are now strictly enforcing mask wearing now after the fact that it should have been enforced in the begining of the Pandemic.

12. Oct. 2020 - I spoke with Dr. Jowdy and Dr. Langham about reconsideration of my Compassionate Release/Home Confinement request. They were trying to make light of my medical conditions by stating that even though I'm housed at a medical facility there are more graved inmated than myself. However, Dr. Langham stated with my underlying issues (asthma,hypertension, obesity and a neurological movement disorder) thah had I been at another institution I would have been granted Home Confinement or Compassionate Release. In other words he was saying outside of CDC, FMC Carswell has their own criteria and Utilization Review Board which heightened the standards to hinder my eligibility for release.

13. Went on total restricted lockdown June 30, 2020. During the town hall, a few inmates were concerned about visitatino, commisary, and how long the lock down would be. Upon, asking questions, Lt. Anthony and Lt. Butler got very angry. Lt. Anthony left the unit (1 North) and came back with a gun with rubber bullets and threatened us. We were toldto "Shut the Fuck up", and told we talk too much. Upon inmates asking , why he was acting like that, Lt. Butler stated "because you all are breathing, thats why".  June 30 , 2020

14. Handed out masks that were too small, and tight fitting or they were way too big, and fell below our chins. They didn't care about the size.
15. Had inmates cleaning the contaminated rooms without the proper PPE equipment. Allowed inmate orderlies to hoard cleaning supplies to keep non-ordelie inmates from cleaning their areas.
16. I was issued moldy/meager sack lunces and sack dinners.
17. FMC Carswell staff was deficient at failing us proper security during the pandemic and basic amneties knowing that the threat of COVID still loomed while myself and others were still recouperating during Winter Storm URI.


FMC Carswell experienced two major COVID surges, One topping 500+ cases, and the other topping well over 200. The first surge, coming in the summer of 2020. Several months after COVID protocol had been in place. FMC Carswell failed to act. This fact demonstrates that either Carswell is deliberately indifferent or they are incapable in the prison setting to contain its spread. Either options present an unacceptable living situation for someone with my medical conditions because they lack a coherent plan. My fear is that as the virus mutates, additional waves of COVID will develop. If one argues that a master plan for containing COVID or administering care during COVID exist, then you have to surmise that this plan could not be worked because the outcome demonstrates failure. If one agres that there was no plan, as it oftem seemed here. Then you have to agree that such a place is not acceptable for a person such as myself with the extensive health issues I have,The fact that FMC Carswell has been callously indifferent toward me concerning my health and safety knowing I'm vulnerable.


                    Respectfully Submitted,

                    Holli Wrice

C. Has any court ever warned or notified you that sanctions could be imposed?      ___YES _x_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): N/A _____

   2. Case number: N/A _____

   3. Approximate date warning was issued: N/A _____

Executed on: _3/29/21_
         DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _29 th_ day of _March_ , 20 _21_ .
      (Day)         (month)       (year)

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

Case 4:21-cv-00440-P    Document 5    Filed 04/01/21    Page 10 of 30    PageID 43

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach–ments must be submitted with this appeal.

From: __Wrice, Holli_____    _____    __1 North__    __FMC Carswell__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

I understand the accordance of Program statement.  I'm not requesting a reduction in sentence under the amended sections of the First Step Act 403, 603.  In those sections Congress amended 3582 to permit defendants to move a sentencing court for modification or reduction in sentence.  However, you must fully exhaust all remedies.  Again, through appeal I am requesting a reduction in sentence under 3582 concerning extraordinary and compelling circumstances.  The compelling issue is – Had I commited my crime today I would have been given a much lighter sentence,  of 10 years instead of 25 years.

_____    _____
        DATE                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____    _____
        DATE                      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C—RECEIPT**

                            CASE NUMBER: _____

Return to: _____    _____    _____    _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP–231(13)
        DATE                                            APRIL 1982

USP LVN         Printed on Recycled Paper

August 20, 2012
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.17, <u>Administrative Remedy Program</u>, (August 20, 2012), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Hili Wai | Register Number | 35364044 |
|---|---|---|---|

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. _They have been guy in spoiled food and fruit, and They are allowing positive inmates to come through our units. Today they allowed laundry worker in to our unit to hand out laundry supplies. This should have been done by staff b/c they have PPE_

2. Briefly state the action your request to resolve your complaint. _Stop. nexy positive and Negative inmate serve us fresh food. Release medically vunerable inmate to Home confinement or grant Compassionate Release. Stop allowing inmate from different unit to come into our unit._

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint. _spoke with strike Team m. william. and Cole Rowe to no aval - (August 12, 2020)_

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*TO BE COMPLETED BY STAFF\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Date Received by Counselor for Response_____

5. Summary of investigation (place response on this form):

_Never get a response Back on this_

6. What actions were taken to resolve thi: ___ on this form):

7. Explain reasons for no resolution (plac

Date Issued BP 8.5_____    Unit Team Member:_____

Date Inmate Returned BP 8.5_____    Unit Team Member:_____

Date Investigation on BP 8.5 Completed and BP-9 (BP229(13) issued:_____

Date & Unit Manager/Camp Administrator Signature:_____

On _____ (date), this issue was informally resolved.

_____    _____
Inmate Signature    Date

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.
(2) If complaint is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 5, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CARSWELL FMC

TO  : HOLLI WRICE, 35364-044
      CARSWELL FMC     UNT: UNIT 6      QTR: D01-331L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 1005364-F1
DATE RECEIVED    : FEBRUARY 4, 2020
RESPONSE DUE     : FEBRUARY 24, 2020
SUBJECT 1        : REDUCTION-IN-SENTENCE REQUEST-OTHER/NON-MEDICAL
SUBJECT 2        :

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Wrice, Holli**        35364-044        6        **FMC Carswell**
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

## Part A - REASON FOR APPEAL

I am dissatisfied with the response on the BP-9 #1005364 because I enclosed a favorable court case example under similar circumstances which was decided "after" the First Step Act which was passed into law 14 months ago. The BOP has yet to comply with the updated and "broadened" reasons to grant relief for "Extraordinary and Compelling" circumstances beyond just medical. The case example given should be taken into consideration and re-viewed before assuming my situation does not fall under the new law. With-out consideration, I could be waiting for an undeterminable amount of time while others similarly situated are getting relief.

I would like you to please re-evaluate my request for any applicable relief provided under 18 USC §3582(c) with the guidelines as well as the First Step Act, Sections 403 and 603 concerning "Extraordinary and Compelling circumstances."

February 24, 2020
DATE        SIGNATURE OF REQUESTER

## Part B - RESPONSE

DATE        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

| WRICE, Holli | 35364-044 | Unit 6 |
|---|---|---|
| **INMATE NAME** | **REGISTER NUMBER** | **UNIT** |

This is in response to your Request for Administrative Remedy # 1005364-F1, received in the Warden's Office on February 4, 2020, wherein you wish to be considered for a reduction in sentence, due to "extraordinary and compelling criteria per the First Step Act (FSA).

A review of your concerns revealed that the BOP is reviewing legislation and will carry out all necessary steps to comply with the First Step Legislation. Unfortunately, the BOP has not received any guidance with regards to Reduction in Sentence for extraordinary and compelling criteria at this time. Once guidance is received the BOP will follow any and all guidelines with regard to reduction in sentencing.

Based on the above information, your Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas 75051. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____          _____2-13-2020_____
M. Carr, Warden                                                    Date

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Wrice, Holli**          **35364-044**   **Unit 6**   **FMC-Carswell**

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST**

I am requesting a reduction in sentence under 3582(c) and the USS§1B1.13.  As of today the B.O.P. has not updated "extraordinary and compelling criteria", so being if I was sentenced today, I would have received 10 years, instead of 25 years (300 months) for a second and subsequent 924c firearms charge.  Therefore, I am requesting a modification in sentence to conform with modern day sentencing guideline stemming from section 403 & 603 of the First Step Act.  Also, due to the courts granting similar cases under 2255 after Davis, courts are now granting relief under 3582c, because it is the only avenue/jurisdiction in which relief can be granted by similar cases to remedy the sentence disparities they were denied previously.


See Attachment



**2-3-2020**                                        **Holli Wrice**

DATE                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**



RECEIVED
FEB 0 4 2020
BY: _____

DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: **1005364-F1**

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____   _____   _____   _____
                LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

September 1, 2010
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.16, Administrative Remedy Program, (December 31, 2007), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Holli Wrice | Register Number | 35364 - 044 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. I am requesting a Reduction in Sentence under 3582 c. The United States Sentencing Guideline 1B1.13 has not updated "extraordinary and compelling criteria", so being that if I was Sentence today I would have received 10 years on my 924c charge not 300 months; Therefore I'm asking for a reduction under 3582 E) (1) (A)

2. Briefly state the action you request to resolve your complaint. I am requesting a reduction in Sentence to conform with modern day sentencing guide line under First Step Act 403. See urkevich 8:03cR37 Nov. 14 2019

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint. District Court 7th District - Appelate Courts 7th District, Filed many motion all were Blankely denied, stating lack of merits

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

TO BE COMPLETED BY STAFF     Date Received by Counselor for Response_____

5. Summary of investigation (place response on this form):

N/A

6. What actions were taken to resolve this matter informally (place response on this form): Any R.I.S IF NOT PERTAINING TO MEDICAL SHOULD BE Addressed DIRECTLY WITH YOUR SENTENCING Judge.

7. Explain reasons for no resolution (place response on this form): NO Inmate SATISFIED WITH ANSWER PROVIDED.

Date & Time Issued BP 8.5 JAN. 13, 2020 1⁴⁵         Unit Team Member: Cottrell

Date & Time Inmate Returned BP 8.5 JAN. 23, 2020 2¹⁵     Unit Team Member: Cottrell

Date & Time Investigation on BP 8.5 Completed and BP-9 (BP229(13)) Issued: 2/3/20 8⁴⁵pn ; 2/3/20

Unit Manager/Camp Administrator Signature:_____

On _____ (date), this issue was informally resolved.

_____     _____
Inmate Signature                    Date

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing. (2) If complaint is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 173. For the following reasons, the Court will give the Government an opportunity to respond to the Motion on or before November 8, 2019.

## PROCEDURAL BACKGROUND

Following a trial by jury, Defendant Jerry Urkevich was found guilty of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. § 924. He appealed, and his convictions{2019 **U.S. Dist. LEXIS 2**} and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. § 3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

The First Step Act, among many other things, amended 18 U.S.C. § 924. In Section 403 of the Act, congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandatory if the crime was committed before a prior conviction under the subsection was final. This amendment would have benefited Urkevich if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Urkevich's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582. In Section 603 of the Act, congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for{2019 U.S. Dist. LEXIS 3} modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Urkevich has submitted evidence of his exhaustion of his administrative remedies through the Bureau of Prisons, ECF No. 173 at Page ID #173, and this matter is now properly before the Court under § 3582(c)(1)(A)(i).

DISHOT

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 5, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : HOLLI WRICE, 35364-044
      CARSWELL FMC     UNT: UNIT 6     QTR: D01-331L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 1005364-R1
DATE RECEIVED  : FEBRUARY 26, 2020
RESPONSE DUE   : MARCH 27, 2020
SUBJECT 1      : REDUCTION-IN-SENTENCE REQUEST-OTHER/NON-MEDICAL
SUBJECT 2      :

HOLLI WRICE, 35364-044
CARSWELL FMC      UNT: UNIT 6      QTR: H01-154L
P.O. BOX 27066
FORT WORTH,   TX 76127.      IN

3-30 2020

**For Institution
Delivery to Inmate**

Case 4:21-cv-00440-P    Document 5    Filed 04/01/21    Page 20 of 30    PageID 53

| WRICE, Holli | 35364-044 | Unit 6 |
|---|---|---|
| **INMATE NAME** | **REGISTER NUMBER** | **UNIT** |

This is in response to your Request for Administrative Remedy # 1005364-F1, received in the Warden's Office on February 4, 2020, wherein you wish to be considered for a reduction in sentence, due to "extraordinary and compelling criteria per the First Step Act (FSA).

A review of your concerns revealed that the BOP is reviewing legislation and will carry out all necessary steps to comply with the First Step Legislation. Unfortunately, the BOP has not received any guidance with regards to Reduction in Sentence for extraordinary and compelling criteria at this time. Once guidance is received the BOP will follow any and all guidelines with regard to reduction in sentencing.

Based on the above information, your Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas 75051. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_M. Carr, Warden_

_2-13-2020_
Date

Regional Administrative Remedy Appeal No. 1005364-R1
Part B - Response

You are appealing the Warden's response to your request for
Reduction in Sentence (RIS). You indicate Section 403 of the
First Step Act amended 18 U.S.C. § 924(c)(1)(C) to limit the
instances in which enhanced sentencing penalties for second or
subsequent apply, but the amendment is not retroactive to your
sentence because your sentence was imposed before the amendment.
You assert this constitutes an extraordinary or compelling
circumstance warranting RIS. You request reconsideration of
this matter.

In accordance with Program Statement 5050.50, Compassionate
Release/Reduction in Sentence: Procedures for Implementation of
18 U.S.C. §§ 3582 and 4205(g), an inmate may initiate a request
for RIS consideration only when there are particularly
extraordinary or compelling circumstances which could not
reasonably have been foreseen by the court at the time of
sentencing. Program Statement 5050.50 outlines the
circumstances the Bureau of Prisons considers to be sufficiently
extraordinary or compelling to warrant RIS consideration.
Program Statement 5050.50 does not identify non-retroactive
amendments to sentence enhancement provisions as extraordinary
or compelling circumstances warranting RIS consideration.

Based on the above information, your appeal is denied.

If you are dissatisfied with this response, you may appeal to
the Federal Bureau of Prisons, Office of General Counsel,
320 First Street, N.W., Washington, D.C. 20534. Your appeal
must be received in the Office of General Counsel within 30 days
from the date of this response.

MAR 0 9 2020
_____
Date

_____
J. Baltazar
Regional Director

August 20, 2012
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.17, Administrative Remedy Program, (August 20, 2012), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Holli Wrice | Register Number | 85364-044 |
|---|---|---|---|

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. I'm requesting the B.O.P. to reduce my sentence to time served base on the change in Sentencing law, The COVID-19 epidemic and the BOP's Inability to keep me Safe and treat and care for me adequately in the event of Infection, putting my health in peril, that because I am particulary vulenable to serious complications from COVID-19 such as respiratory distress b/c of my asthma, and other health issues. These are extraordinary and compelling reasons, Individually and combined,

2. Briefly state the action you request to resolve your complaint.
Because my original sentence was too long in light of the present circumstance, and my extraordinary rehabilitation, I'm requesting the Warden grant me relief on these bases alone and combined under 3582(c)(1)(A)(I) " sentence modification/time served
If possible can you expedite this remedy process please.

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.
I have spoke with my attorney who Advise me start my administrative paper work again. I have spoke with Unit Team. Ms. Allen - Ms. Francis.
I have Spoke with Social Worker - Ms Little and Ms. Wheeler. I have spoke with Warden Carr

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

*******************************************************TO BE COMPLETED BY STAFF*******************************************************

Date Received by Counselor for Response_____5-10-2020_____

5. Summary of Investigation (place response on this form):
Inmate is requesting a sentence modification due to Covid19.

6. What actions were taken to resolve this matter informally (place response on this form):
Referred to Mr. Cottrell: A review has determined that you do not meet the current criteria for the Cares Act. You have a current charge of violence which is a dis qualifier for the Cares Act eligibility. To be considered for the Cares Act you must not have been convicted of a current crime of violence. Furthermore, any reductions in sentencing would have to come from your sentencing judge as reducing a sentence is out of the Wardens scope of duty.

7. Explain reasons for no resolution (place response on this form):

Date Issued BP 8.5_____5-10-2020_____    Unit Team Member:_____S. Allen_____

Date Inmate Returned BP 8.5_____5-10-2020_____    Unit Team Member:_____S. Allen_____

Date Investigation on BP 8.5 Completed and BP-9 (BP229(13) issued:_____5-12-20_____

Date & Unit Manager/Camp Administrator Signature:_____

On _____ (date), this issue was informally resolved.

_____    _____
Inmate Signature                    Date

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.
(2) If complaint is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

Warden

- Michael Carr

- Social Worker, Mrs. Little

- Unit Team

Date: 5 - 10 - 2020

Re:    Request for Release to Home Confinement pursuant to 18 U.S.C. §
3624(c)(2), or Compassionate Release Pursuant to 18 U.S.C. §
3582(c)(1)(A)(i) for inmate Hall: Write_____, Reg. No. 35364 - 044

Dear Warden,

I hereby request that you grant me **compassionate release** from
imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for "extraordinary and
compelling reasons," or that you transfer me to **home confinement for the rest of
my sentence** pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b)(2) of the CARES
Act, and Attorney General Barr's April 3, 2020 Memorandum for the Director of the
Bureau of Prisons, "Increasing Use of Home Confinement at Institutions Most
Affected by COVID-19."[1]

Generally applicable support for my request is outlined below. In addition, the
following factors specific to me (indicated by a check mark below) demonstrate that I
should be granted compassionate release or transferred to home confinement:

☐    I am due to be released relatively soon, on _____;

☑    The virus has already been detected in my facility;

☐    I am over the age of 65;[2]

☐    I am over the age of 50;[3]

☑    I have the following medical condition(s), which place me at heightened risk
for infection or severe illness, according to the CDC:
Chronic asthma sufferer.
Hypertension
Neurological movement disorder

---

[1] Attorney General Memorandum for the Director of Bureau of Prisons, "Increasing Use of Home
Confinement at Institutions Most Affected by COVID-10" (April 3, 2020), *available at*
https://www.justice.gov/file/1266661/download (last visited April 6, 2020).

[2] According to the Centers for Disease Control and Prevention (CDC), "[b]ased on currently available
information and clinical expertise, older adults and people of any age who have serious underlying
medical conditions might be at higher risk for severe illness from COVID-19. Based upon available
information to date, those at high-risk for severe illness from COVID-19 include" people aged 65 years
and older, people who live in a nursing home or long-term facility, and people with the conditions listed
above." https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (last visited April
2, 2020). "Many conditions can cause a person to be immunocompromised, including cancer treatment,
bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and
prolonged use of corticosteroids and other immune weakening medications." *Id.*

[3] *See* notes 6-10 and accompanying text, *infra.*

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Wrice, Holli**          **35364-044**     **1 N**     **Fmc-Carswell**
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A- INMATE REQUEST  Per MY Attorney, under 3582 (c)(1)(A)(i)
I am requesting the Warden to reduce my sentence to time
served or to another substanially reduced term in
of the circumstances. I'm requesting relief on the
basis of these reasons, "Individually and Cumulatively"

Please See
Attachment

5-17-2020                                    Holli Wrice
DATE                                         SIGNATURE OF REQUESTER

Part B- RESPONSE

RECEIVED
MAY 19 2020
BY: (TB)

_____                              _____
DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: 1005364-F2

                                             CASE NUMBER: _____

Part C- RECEIPT
Return to: _____

TRULINCS  35364044 - WRICE, HOLLI - Unit: CRW-H-N

------------------------------------------------------------------------------------------------------------

FROM: 35364044
TO: Administrative Remedies
SUBJECT: ***Request to Staff*** WRICE, HOLLI, Reg# 35364044, CRW-H-N
DATE: 05/15/2020 09:37:58 AM

To: Warden Carr
Inmate Work Assignment: unassign.

I'm requesting the B.O.P. to reduce my sentence to time served or in the alternative, to  substantially reduced prison term, base
on the change in sentencing law "Change in sentencing law, such that if I were sentence under current law, I would not be
subject to a 25 year mandatory minimum term on my gun charge, but would only be subject to a 7 year mandatory minimum
term.  The COVID-19 pandemic and the BOP's inability to keep me safe and treat and care for me adequately in the event of
infections putting my health in peril, that's because I am particularly vulnerable to serious complications from COVID-19 such as
respiratory distress because of my asthma and other health issues, my extraordinary rehabilitation, and the fact that my
sentence is excessively long in light of these circumstances
under 3582 (c) (1) (a) (i)
     Requesting the Warden to reduce my sentence to time served or to another substantially reduced term in light of the
circumstances
     Wrice,35364044



# U. S. Department of Justice

Federal Bureau of Prisons

Federal Medical Center, Carswell

*P.O. Box 27066, J Street, Bldg 3000*
*Fort Worth, Texas 76127*

July 16, 2020

MEMORANDUM FOR WRICE, HOLLI
                            Reg. No. 35364-044

FROM:                 M. Carr, Warden

SUBJECT:           Compassionate Release/Reduction In Sentence (RIS)

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.17, Administrative Remedy Program, (August 20, 2012), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | *Helt wm* | Register Number | 35304-044 |
|---|---|---|---|

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. Staff refuse to make Inmates social distance and wear mask Staff have continue to serve as spoiled lunch meat and spoiled milk. We are suppose to be on a complete lockdown but staff Still allow Inmates to mingle and they wont wear mask or social distance

2. Briefly state the action your request to resolve your complaint. I would like for staff to enforce mask wearing and social distance. If they can't properly adhere to the policy they Implemental then please send me home on Home Confinement to you figure out coherent plan

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint. strike Team Mr. Williams / Cole - Rowis Lt. Richardson

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

*******************************************************TO BE COMPLETED BY STAFF*******************************************************

Date Received by Counselor for Response_____

5. Summary of investigation (place response on this form):

6. What actions were taken to resolve this matter informally (place response on this form):

7. Explain reasons for no resolution (place response on this form):

Case 4:21-cv-00440-P   Document 5   Filed 04/01/21   Page 27 of 30   PageID 60

To Whom It May Concern,

My family will be paying the filing and the administrative fee this week. It will be coming from my sister Tisha atwell.

Thank you,

Respectfully Submitted,

Holli Wrice

Holli worth
Federal Medical Center Carswell
P.O. Box 27137
Fort Worth, Tx 76127

CERTIFIED MAIL

7020 1810 0000 3820 0457

RECEIVED 21 MAR -1 PM 1:51
CLERK, U.S. DISTRICT COURT
FORT WORTH DIVISION

United states District Court
office of clerk
Northern District of Texas
501 West Tenth Street Room 310
Fort Worth, TX 76102





U.S. POSTAGE PAID
PM 1-Day
NAVAL AIR STATION JRB, TX
76127
MAR 30, 21
AMOUNT
$0.00
R2305E125671-72

UNITED STATES
POSTAL SERVICE
1005
76102

FOREVER USA