UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HOLLI WRICE,
(Reg. No. 35364-044),

      **Plaintiff,**

vs.                                                                 No. 4:21-cv-0440-P

MICHAEL CARR, Warden,
FMC-Carswell, et al.

      **Defendants.**

## MEMORANDUM OPINION and ORDER

In this case, Bureau of Prisons ("BOP") inmate/plaintiff Holli Wrice has claims remaining against two BOP physicians: Dr. Langham and Dr. Jowdy. Am. Compl. 1, 3, ECF No. 5. By an Order of Partial Dismissal under 28 U.S.C.§§ 1915A, the Court dismissed all other claims, but allowed service of process on these physician defendants. Order 17–18, ECF No. 13; Order, ECF No. 15. Now pending is the motion for summary judgment of the Defendants (ECF No. 27), along with a brief in support (ECF No. 28), and an appendix (ECF No. 29). Wrice filed four documents asserting responsive arguments. ECF Nos. 30, 33, 35, and 38. The Defendants also have filed a reply to Wrice's responses to the summary judgment motion. ECF No. 37. After considering the remaining relief sought by Wrice, the record, briefing, and applicable law, the Court concludes that the motion for summary judgment must be **GRANTED**, such that all Wrice's remaining claims must be **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

## BACKGROUND/PLAINTIFF'S PLEADINGS

Wrice recently updated her address of record to notify the Court that she is now assigned to and housed at FCI-Waseca, in Minnesota. Notice of Address Change 1, ECF No. 41. At the time of the events made the basis of this suit, she was housed at FMC-Carswell. Am. Compl. 1, ECF No. 5. Wrice is serving an aggregate 23-year, 9-month, and 17-day sentence stemming from convictions in the U.S. District Court for the Eastern District of Missouri for interference with commerce by threat or violence, using a firearm during a crime of violence, and possession with intent to

distribute marijuana. *See* Judgment, *United States v. Wrice*, No. 1:09-cr-0084-SNLJ (E.D. Mo. Jan. 21, 2011), ECF No. 83. She also has convictions in the U.S. District Court for the Southern District of Illinois for armed bank robbery and brandishing a firearm during and relating to a crime of violence. *See* Judgment, *United States v. Wrice*, No. 4:10-cr-40065 (S.D. Ill. July 13, 2011) (sentence consecutive to the sentence imposed in case number 1:09-CR-084).

Wrice filed this lawsuit on March 18, 2021. Compl. 1, ECF No. 1. In response to a deficiency order, she filed an amended complaint on April 1, 2021, which serves as the live pleading in this matter. Am. Compl. 1–8, ECF No. 5. Therein, Wrice complained of how BOP officials responded to the COVID-19 pandemic at FMC-Carswell. *See generally id.* Specifically, having lost an attempt to be released early from prison due to the pandemic, Wrice challenged the conditions at FMC-Carswell in general, complaining of alleged overcrowding, the inability to social distance, the lack of PPE equipment, and inadequate meals. *Id.* at 4–8. Wrice reiterated these complaints in answers to the Court's Questionnaire, filed on June 1, 2021. Answers to Court's Questionnaire 1–16, ECF No. 8. In particular, she alleged more specific claims against Dr. Langham and Dr. Jowdy arising from alleged removal of a nebulizer breathing machine, inadequate healthcare, overcrowding, lack of social distancing, inadequate meals, failure to treat a lung infection, failure to limit her exposure to an oxygen link, and exposure to mold and mildew. Answers to Questionnaire 11–12, ECF No. 8.

As noted, by Order dated September 16, 2021, this Court partially dismissed the bulk of Wrice's claims under authority of 28 U.S.C. § 1915A. Order 1–18, ECF No. 13. All of the claims against BOP Executive staff, counselors, and correctional officers were dismissed for failure to state a claim. *See id.* at 18. Wrice's claims against two BOP physicians, Drs. Langham and Jowdy, alleging deliberate indifference to Wrice's medical needs on several grounds, were allowed to proceed. *Id.* at 17. As noted above, with respect to those defendants, Wrice alleged that notwithstanding their knowledge of her asthma, the physicians failed to give her an unidentified prescribed medication and the nebulizer machine she needed to administer the medication. *Id.* at 11, 12. In addition to that claim, as noted above, Wrice alleged numerous other claims against these physician defendants, including claims of inadequate healthcare, overcrowding, lack of social distancing, inadequate

2

meals, failure to treat a lung infection, failure to limit her exposure to an oxygen link, and exposure to mold and mildew. *Id.* at 11, 12.

The defendants move for summary judgment in their favor on the basis that Wrice failed to complete the requisite process to exhaust available administrative remedies prior to filing this civil action with regard to all of her specific claims against them.

## SUMMARY JUDGMENT EVIDENCE

As noted, Defendants have filed an appendix in support of the motion for summary judgment that includes a total of 29 pages of records. App. Exhibits A–C, pages 1–29, ECF No. 29-1. In particular, the appendix includes the December 16, 2021 Declaration of FMC-Fort Worth Executive Assistant Churee Costly along with 24 pages of BOP Sentry Computerized Records, including Administrative Remedy Retrieval records for Wrice's administrative record history, and including copies of the administrative remedy packet for Administrative Remedy No. 1005364. App. Exhibit A (Costly Declaration with Attachments B and C), ECF No. 29-1. Wrice provided copies of unverified records of grievances and sworn declarations of fellow inmates at FMC-Carswell in a responsive document labeled "Motion to Supplement." Supplemental Motion 3–26, ECF No. 33. The Court clarified that it would consider only the papers in Attachment A to that document related to exhaustion of administrative remedies. Order 1, ECF No. 36. Wrice also separately filed copies of correspondence and purported copies of grievances in another separate responsive document entitled Motion for Reconsideration. Reconsider Motion 6–17, ECF No. 35. Wrice filed yet another responsive document to include her own two-page handwritten declaration and a declaration of a fellow inmate. Supplemental Response 1–3, ECF No. 38.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. FED. R. CIV. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, those materials do not establish the presence of a genuine dispute as to that fact. FED. R. CIV. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* FED. R. CIV. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, Wrice] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Nevertheless, a motion for summary judgment for failure to exhaust administrative remedies is treated slightly differently. *See, e.g.*, *Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in

4

the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

## ANALYSIS

### A.   Prison Litigation Reform Act ("PLRA") Exhaustion Requirement

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639–40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available" and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth*, 532 U.S. at 736. As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing

5

the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297–8 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 265) (internal quotations omitted). And exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021); *see also Covarrubias v. Foxworth*, No. 6:13-cv-0812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when any amended complaint was filed). Also, when a prisoner can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280–81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation marks omitted) (citing *Booth*, 532 U.S. at 740 n.5; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

  **B.** **Review of Exhaustion in Wrice's BOP Records**

As an inmate at FMC-Carswell, Wrice was required to exhaust the BOP's multi-step grievance process prior to filing her claims in this lawsuit. *See Hicks v. Garcia*, 372 F. Appx. 557, 557 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act, inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action."). As relevant to Wrice's status as a federal inmate, codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq*. First, a prisoner must attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id*. at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, she may appeal to the BOP's regional director. *Id*. at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, she may appeal to the BOP's general counsel. *Id*. The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare," the Warden must respond within three days after filing. *Id.* at § 542.18. As this Court has explained, "[a]dministrative remedies have not been exhausted until the inmate's

claim has been filed at all levels and has been denied at all levels." *Wood v. Carr*, No.4:20-cv-1365-P, 2021 WL 2207202, at *3 (N.D. Tex. June 1, 2021).

As set forth in the Declaration of Churee Costly, Wrice has not exhausted her administrative remedies with respect to any aspect of the medical care provided by the Defendants or her other claims against these defendants. *See* App. Exhibit A at 1–2, ECF No. 29-1. Rather, BOP records show that Wrice fully exhausted only one administrative remedy through all levels of the BOP's administrative process, identified as Case Number 1005364. App. Exhibit A at 2–3; Exhibit C at 22–29, ECF No. 29-1. That fully exhausted grievance, however, pertained to a request by Wrice for a reduction in sentence, not anything to do with her medical care. *Id.* at 3. Although Wrice has sought other administrative remedies, to include requests for home confinement and release due to COVID-19 medical reasons, the records provided by the Defendants show that she has not fully exhausted those remedies. *Id*. at 2–3.

### C. Wrice's Arguments Against Defendants' Exhaustion Defense

As noted above, in response to the summary judgment motion, Wrice filed two responses and two sets of documents. *See* Response and Motions, ECF Nos. 30, 33, 35, and 38. Wrice attested in her amended complaint that she had exhausted administrative remedies relevant to her claims, and she attached copies of some grievances. Am. Compl. 3, 10–16, ECF No. 5. The first set of documents filed in response to Defendants' summary judgment motion included for the first time an informal administrative grievance form addressing the provision of medical care and complaining that BOP officials took nebulizer machines from inmates in July of 2020. Motion to Supplement 4, ECF No 33. Wrice's supplemental motion/response also included a copy of an inmate request to staff regarding the same issue. *Id.* at 10. Buried within a second set of responsive documents filed weeks later, Wrice provided copies of three purported administrative grievances drafted by her related to the nebulizer machines. "Reconsideration" Motion 15–17, ECF No. 35.[1] Wrice contends

---

[1] As noted above, the BOP's grievance process requires inmates to first attempt to resolve their concerns informally, and if that is unsuccessful, to then elevate their concerns through a three-level process. *See supra* page 7 citing 28 C.F.R. §§ 542.10–542.18. The three remedies included by Wrice correspond to the three levels in the BOP's grievance process.

7

within those grievances that staff were not responding to the grievances and her complaints were being "ignored." *Id.* Wrice does not explicitly state in her pleadings that she submitted these grievances in accordance with BOP regulations. *See generally* ECF Nos. 30 and 35. Wrice also includes declarations from several inmates, signed under penalty of perjury, stating that nebulizer machines were taken from inmates. Supplemental Motion 14–26, ECF No. 33. Within all of those submissions, however, Wrice did not include her own sworn declaration, and she did not otherwise swear or affirm her responses and motions. *See generally* ECF Nos. 30, 33 and 35.

Once the Defendants pointed out this deficiency in their reply, however, Wrice filed yet another document entitled "Response and Objection," which included her own March 4, 2022 Declaration, declared under penalty of perjury. March 4, 2022 Wrice Declaration 1–2, ECF No. 38.[2] In that Declaration, Wrice writes that "during the months of July 2020–October 2020 [she] exhaust[ed] administrative remedies pertaining to the confiscation of [her] nebulizer machine." Wrice Declaration 1, ECF No. 38. Wrice also contends that she asked counselor Allen about what steps she should take when she received no response and was told to consider a lack of response as a denial. *Id*. Moreover, Wrice asserted the following: "If the institutions failed to log or lost my administrative remedy it is on them[.] Staff (Allen) early on was unwilling to locate it after she received, and I sent them off." *Id.*

### D. Wrice's Evidence Fails to Overcome Defendants' Summary Judgment

There is no dispute that Wrice was required to exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). Through the motion for summary judgment and supporting documents, Defendants met their burden of establishing that there is no genuine dispute as to any material fact that Wrice did not exhaust administrative remedies. *See* generally ECF Nos. 27–29. Specifically, as set forth in the declaration of Churee Costly, Wrice has not completed the exhaustion of administrative remedies with respect to any aspect of medical care provided by the

---

[2]The document also includes a purported Declaration of fellow inmate Lori Woodson. Woodson Declaration 3, ECF No. 38. An unsworn declaration must be declared as "true and correct under penalty of perjury." 28 U.S.C. § 1746. As the facts in the Woodson document are not so sworn, the Court has not considered the Woodson statement. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015) (holding declaration neither sworn nor declared under penalty of perjury is not competent summary judgment evidence).

Defendants. App. Exhibit A (Declaration of Costly) 3, ("Review of BOP records indicates that Plaintiff Holly Wrice, Reg. No. 35364-044, has not exhausted her administrative remedies related to her claims that her nebulizer was taken from her and that she did not receive medical treatment while she was infected with COVID-19"), ECF No. 29-1. Rather, BOP records show that she fully exhausted only one administrative remedy through all levels of the BOP's administrative process. *Id.* at 3. As Costly explained, the grievance at issue in that matter pertained to Wrice's request for a reduction in sentence, not her medical care. *Id*. Wrice has sought other administrative remedies regarding requests for home confinement and release due to COVID-19, but she has not fully exhausted those remedies. *Id.*

With Defendants' having met their burden, Wrice was required to designate specific facts showing that a genuine issue for trial exists. *Celotex Corp.*, 477 U.S. at 325. She was required to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). She was required to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* FED. R. CIV. P. 56(c). To meet this burden in this case, Wrice was required to offer competent evidence demonstrating that she properly exhausted administrative remedies in compliance with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006); *Jones,* 549 U.S. at 218 (holding proper exhaustion defined by applicable prison requirements).

Wrice has not met this burden. She argues that she "did file administrative remedies for the confiscation of her medically prescribed nebulizer machine." Response 1, ECF No. 30. This contention is unverified and conclusory. Buried within her final set of materials in support of her claim of exhaustion are what she would have this Court presume are copies of the grievances she filed, but her attachments do not overcome Defendants' competent evidence. *See generally* "Reconsider" Motion 15–17, ECF No. 35. These responses are not sworn, and conspicuously absent from these documents from Wrice is any evidence that she properly submitted these alleged administrative remedies to the proper offices and in the proper manner. *See* ECF Nos. 30, 33, and 35. This information is missing despite the clear evidence in the record that Wrice knows how to properly exhaust administrative remedies, and

despite an attorney's e-mail instruction to Wrice to include such information. Reconsider Motion 11, ECF No. 35.

Where "the testimony that [the nonmovant] initially offer[s] in opposition to summary judgment [is] neither sworn nor declared under penalty of perjury to be true and correct, it [is] not competent evidence." *Davis*, 798 F.3d at 292. Although courts afford liberal construction to the pleadings of pro se litigants, individuals proceeding without counsel still must adhere to the procedural requirements of the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This includes the evidentiary rules for summary judgment. *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.") (footnote omitted). Thus, these documents provided by Wrice are not sufficient to overcome Defendants' evidence that she failed to exhaust administrative remedies.

Notwithstanding Wrice's failure to provide adequate responsive evidence in her Supplemental Motion (ECF No. 33) and her Reconsideration Motion (ECF No. 35), Wrice filed, after the Defendants' reply, her Declaration sworn to under penalty of perjury. Wrice Declaration 1, ECF No. 38. There, Wrice essentially claims she did exhaust remedies as to the claim regarding the removal of a nebulizer breathing device. *Id*. She alleges that she failed to receive a response to her grievances, and she contends that if FMC-Carswell officials "failed to log or lost [her] administrative remedy it is on them." Wrice Declaration 1, ECF No. 38. The Defendants note in their reply that BOP Program Statement 1330.18, Administrative Remedy Process, states that an inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. Reply 5, n.4, ECF No. 37. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. *Id*. (citing 28 C.F.R. § 542.15(a)). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal. 28 C.F.R. §

542.15(b)(3). Staff is required to respond in writing to all filed Requests or Appeals. *Id.* § 542.18. BOP policy further provides that "[a]ll submissions received by the [Administrative Remedy] Clerk, whether accepted or rejected, shall be entered into SENTRY in accordance with the SENTRY Administrative Remedy Technical Reference Manual. P1330.18, Page 9." ECF No. 37 at 5 n.4.

The Defendants argue that by making the conclusory allegation that her grievances were not logged into the system, were ignored, or were lost, Wrice is essentially asking this Court to accept that the administrative remedy system failed at all levels, to include the Regional Office and the General Counsel's Office, with respect to her purported grievance about the nebulizer. Reply at 5–6, ECF No. 37. The evidence shows, however, at nearly the exact same time, Wrice was filing and receiving responses to her grievances related to her request to be granted a compassionate release. App. Exhibit B at 15–16, ECF No. 29-1. Furthermore, BOP staff would have failed on two levels, first by failing to follow policy to enter the grievances into SENTRY, and then by failing to provide responses as required by BOP policy. The Court finds that Wrice's contentions are not sufficient to overcome the Defendants' establishment that she failed to exhaust her administrative remedies with regard to her claims that Dr. Langham or Dr. Jowdy removed her access to a nebulizer breathing machine.[3]

In sum, Defendants have shown that Wrice failed to comply with the PLRA's mandatory requirement to exhaust administrative remedies on her claims regarding removal of a nebulizer and her other claims against defendants Dr. Langham and Dr. Jowdy. Failure to complete exhaustion is controlling and entitles the defendants to summary judgment in their favor. *See also Mixon v. Carr*, No. 4:20-cv-0854-P, 2021 WL 5052659, at *1 (N.D. Tex. Nov. 1, 2021) (granting summary judgment for the government defendants in a case filed by federal inmates challenging

---

[3]The Court notes that notwithstanding the resolution of whether Wrice adequately exhausted administrative remedies with regard to her removal-of-nebulizer claims, as recited above, Wrice also alleged numerous other claims against these physician defendants, including claims of inadequate healthcare, overcrowding, lack of social distancing, inadequate meals, failure to treat a lung infection, failure to limit her exposure to an oxygen link, and exposure to mold and mildew. Answers to the Court's Questionnaire 11, 12, ECF No. 8. Wrice has not presented any evidence to show that she attempted to exhaust administrative remedies with regard to all of these other claims against Dr. Langham and Dr. Jowdy. Thus, for this additional reason, Defendants Dr. Langham and Dr. Jowdy are entitled to summary judgment on the basis of lack of exhaustion.

COVID-19-related conditions of confinement at Federal Medical Center, Carswell).

As noted above, because the deadlines for completing exhaustion of administrative remedies has long ago passed, the Court may dismiss Wrice's remaining claims with prejudice. *See McCoy v. Zook*, No. 3:20-cv-1051-B-BT, 2021 WL 811854, at *6 (N.D. Tex. Feb. 11, 2021), *rep. and rec. adopted*, 2021 WL 807249, at *1 (N.D. Tex. Mar. 3, 2021) ("[W]hen a prisoner can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice.") (citing *Johnson*, 468 F. 3d at 280–81; *see also Howard v. Gensil*, Civ. No. H-13-0105, 2013 WL 6440952, at *2 (S.D. Tex. Dec. 9, 2013) (stating where exhaustion is precluded because administrative deadlines have passed, "the action is properly dismissed with prejudice")

## CONCLUSION

For the reasons stated, plaintiff Wrice fails to identify any genuine issue of material fact concerning the availability of the administrative remedies or explanation for her failure to exhaust administrative remedies as to all of her remaining claims against Defendants Dr. Langham and Dr. Jowdy prior to filing suit. Therefore, summary judgment in favor of Defendants is warranted.

## ORDER

It is therefore **ORDERED** that the motion for summary judgment of Defendants Dr. Langham and Dr. Jowdy on the basis of lack of exhaustion of administrative remedies (ECF No. 27) is **GRANTED**, such that all plaintiff Holli Wrice's remaining claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **27th day** of **July, 2022**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE